597 S.E.2d 789

In the Matter of John Plyler MANN, Jr., Respondent.

No. 25831.

Supreme Court of South Carolina.

Submitted April 26, 2004.

Decided June 1, 2004.

Henry B. Richardson, Jr., and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for the Office of Disciplinary Counsel.

John Plyler Mann, Jr., pro se, of Greenville.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an

Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction provided by Rule 7, RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

On May 3, 2003, respondent entered a female residence hall on the University of South Carolina (USC) campus in Columbia without authorization. He went upstairs to the ninth floor where he peered around a shower curtain at a female student taking a shower. On the sixth floor, he made an unauthorized entry into the dormitory room of a female student on the pretense of looking for an individual named "Elizabeth" and, thereafter, attempted to engaged the student in conversation. Respondent entered the ladies restroom on the second floor of the residence hall.

While attempting to leave the residence hall, respondent was arrested by campus police and charged with second degree burglary, peeping tom, and disorderly conduct. In his written statement to the USC police, respondent states he "came to USC to interview law students, arrived early— toured campus—went in a dormitory—used the restroom— was arrested when I left." On July 17, 2003, the Richland County Grand Jury indicted respondent on charges of second degree burglary and peeping tom.

ODC received notice of the indictments on October 20, 2003. On October 24, 2003, respondent was placed on interim suspension; he has remained on interim suspension since that time. *In the Matter of Mann,* 356 S.C. 237, 588 S.E.2d 588 (2003).

On October 24, 2003, respondent asked to meet with ODC. During the meeting, respondent represented that during the evening of May 1, 2003, and early morning of May 2, 2003, he had been drinking heavily with friends for several hours at more than one establishment in Greenville. When he returned home, he found the screen door to his house had been locked from the inside by his wife. Previously, respondent's

wife had strenuously objected to respondent's alcohol consumption.

Respondent stated he had scheduled interviews at the USC School of Law beginning at 11:30 a.m. on May 2, 2003, and decided to leave his residence and drive to Columbia. On the way to Columbia, respondent purchased beer and consumed some while driving.

Respondent represented he checked into a motel in West Columbia around 4:00 a.m. and continued to drink beer. Believing his marriage was over and that he was "single for the first time in twenty years," respondent was despondent. Respondent left the motel and traveled to a USC fraternity house around 6:00 a.m. The house was not locked and respondent entered and walked around.

Thereafter, respondent drove to the married student housing facility and went to the apartment he believed he and his wife had shared many years earlier. Respondent knocked on the door and was granted access by an unaccompanied female. Respondent spoke with this woman for approximately thirty minutes.

Respondent then traveled to a residence hall where he had lived while attending USC. Respondent attempted to enter the building but was denied access by a security guard.

Respondent did not know why he thereafter walked to the female residence hall, but acknowledges he was "drunk and wanting to talk to girls, the bars were closed, and he was free for the first time in twenty years." During the approximately two hours that respondent was inside the residence hall, he spoke with many females and, therefore, cannot recall specific conversations; he does recall entering at least one bathroom where he looked into a shower occupied by a female after moving the shower curtain which obscured his view. The female screamed.

Respondent's daughter's first name is Elizabeth. She does not attend USC.

In his response to the Notice of Full Investigation, respondent admitted he had no legitimate reason for entering the women's dormitory. As mitigation, he claimed he had an alcohol problem that affected his family but not his law

practice, that his behavior on May 2, 2003, was influenced by alcohol, and that he began attending Alcoholics Anonymous on November 3, 2003.

On February 4, 2004, respondent pled guilty to second degree burglary and was sentenced to five years imprisonment, suspended upon two years probation. The peeping tom and disorderly conduct charges will not be prosecuted.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (lawyer shall not engage in conduct involving moral turpitude); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(4) (lawyer shall not be convicted of a crime of moral turpitude or a serious crime), and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Respondent's request that the suspension be made retroactive to the date of his interim suspension is denied. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of

Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.